TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

HAYLEY A. CARPENTER, CA Bar # 312611
Natural Resources Section
ERIKA A. FURLONG, PA Bar # 319350
Wildlife & Marine Resources Section
Trial Attorneys
150 M St. NE
Washington, D.C. 20002
Phone: (202) 305-0242 (Carpenter)
(202) 305-0424 (Furlong)
Email: hayley.carpenter@usdoj.gov
erika.furlong@usdoj.gov

JESSE LASLOVICH
United States Attorney

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, YAAK VALLEY FOREST COUNCIL, and WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE; KEITH LANNOM, in his official capacity as Deputy Regional Forester; and CHAD BENSON, in his official capacity as Supervisor of the Kootenai National | ) | Case No. 9:22-CV-00114-DWM<br><br>ANSWER TO COMPLAINT |

Forest, )
)
Defendants. )

## PREFATORY NOTE

Each of Plaintiffs' claims are subject to judicial review, if at all, in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court's task is to review the Administrative Records that were before the federal agency at the time it made the challenged decisions to determine whether, as a matter of law, those Administrative Records support the agency's decisions or whether the agency's decisions are arbitrary, capricious or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the Administrative Record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998).

Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve civil actions within the original jurisdiction of the federal district courts. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for

initiating judicial review under the APA). Nonetheless, as a matter of judicial efficiency, Defendants the Deputy Regional Forester[1], in his official capacity as Deputy Regional Forester; Chad Benson, in his capacity as Supervisor for the Kootenai National Forest; and the United States Forest Service ("Forest Service") (collectively "Defendants") hereby respond to the allegations in the Complaint. ECF No. 1. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

## "INTRODUCTION"[2]

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. Defendants admit the allegations in the first and second sentences of Paragraph 2. Regarding the third sentence of Paragraph 2, Defendants admit that some old and mature trees remain in the Yaak Valley, but Defendants deny the remaining allegations in the third sentence. Defendants deny the allegations in the fourth, fifth, and sixth sentences of Paragraph 2.

---

[1] Keith Lannom, the Complaint's named Defendant, is no longer the Deputy Regional Forester, but the position has not yet been filled.

[2] The headings here correspond to the headings in the Complaint. Defendants include them strictly to provide convenient reference to the Complaint and do not intend them to form any substantive part of Defendants' Answer. To the extent the Complaint headings make substantive allegations, Defendants deny those allegations.

3. Defendants admit the allegations in the first sentence of Paragraph 3. Defendants deny the allegations in the second, third, fourth, and fifth sentences of Paragraph 3. Defendants admit the allegations in the sixth sentence of Paragraph 3.

4. The allegations in Paragraph 4 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied.

5. The allegations in the first sentence of Paragraph 5 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. Defendants deny the allegations in the second and third sentences of Paragraph 5.

6. The allegations in the first sentence of Paragraph 6 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 6 characterize the Project's Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plain meaning, language, and context are denied.

7. The allegations in the first sentence of Paragraph 7 constitute conclusions of law, to which no response is required. To the extent a response is

required, the allegations are denied. The allegations in the second sentence of Paragraph 7 characterize the Forest Plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plain meaning, language, and context are denied. Defendants deny the allegations in the third sentence of Paragraph 7.

8. The allegations in Paragraph 8 constitute legal conclusions and Plaintiffs' requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

9. Defendants admit the allegations in the first sentence of Paragraph 9. The allegations in the second sentence of Paragraph 9 characterize a media release, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plain meaning, language, and context are denied. Defendants deny the allegations in the third sentence as vague.

## "JURISDICTION AND VENUE"

10. The allegations in Paragraph 10 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegation in Paragraph 11 that venue is proper in this Court, and the allegation in Paragraph 11 that a "substantial part of the events giving rise to Plaintiffs' legal claims occurred in Lincoln County, Montana," are legal

conclusions, to which no response is required. Defendants admit that the lands at issue in this suit are located in Lincoln County, Montana and that the office of Defendant Chad Benson is located in Lincoln County, Montana. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff Yaak Valley Forest Council is based in Lincoln County, Montana and therefore deny this allegation.

## **"PARTIES"**

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny these allegations.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny these allegations.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny these allegations.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny these allegations.

16. Regarding the allegations in Paragraph 16, Defendants admit only that Plaintiffs submitted comments and objections related to the Project. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny these allegations.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny these allegations. The last sentence also contains a legal conclusion to which no response is required.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny these allegations. The last sentence also contains a legal conclusion to which no response is required.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny these allegations. The last sentence also contains a legal conclusion to which no response is required.

21. The allegations in Paragraph 21 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are

denied. Defendants are also without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 concerning Plaintiffs' plans and interests and therefore deny these allegations.

22. The allegations in Paragraph 22 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

23. The allegations in Paragraph 23 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

24. Defendants admit the allegations in Paragraph 24.

25. Regarding the allegations in Paragraph 25, Defendants deny the allegation that Plaintiffs' objections were "rejected" and aver that Plaintiffs' objections were reviewed, considered, and responded to. Defendants deny that Keith Lannom is currently the Deputy Regional Forester for the Northern Region of the U.S. Forest Service, but Defendants aver that Mr. Lannom did hold this position on January 27, 2021, when the Objection Reviewing Officer letter was signed. Defendants admit that Plaintiffs' have sued Mr. Lannom in his official capacity. Defendants deny any remaining allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

## "LEGAL FRAMEWORK"

### "I. THE ADMINISTRATIVE PROCEDURE ACT"

27. The allegations in Paragraph 27 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

28. The allegations in Paragraph 28 characterize the Administrative Procedure Act (the "APA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain meaning, language, and context are denied.

### "II. THE NATIONAL ENVIRONMENTAL POLICY ACT"

29. The allegations in Paragraph 29 characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain meaning, language, and context are denied.

30. The allegations in Paragraph 30 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain meaning, language, and context are denied. Regarding the allegations in Footnote 1 to Paragraph 30, Defendants admit only that the Forest Service has relied on Council on Environmental Quality's 1978 regulations throughout the NEPA process for the Project. The

remainder of the allegations in Footnote 1 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain meaning, language, and context are denied.

31. The allegations in Paragraph 31 characterize NEPA, its implementing regulations, and a case opinion, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied.

32. The allegations in Paragraph 32 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain meaning, language, and context are denied.

33. The allegations in Paragraph 33 characterize NEPA's implementing regulations, a document authored by the Council on Environmental Quality, and a case opinion, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied.

34. The allegations in Paragraph 34 characterize regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain meaning, language, and context are denied.

**"III. THE NATIONAL FOREST MANAGEMENT ACT"**

35. The allegations in Paragraph 35 characterize the National Forest Management Act ("NFMA"), regulations, and a case opinion, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied.

36. The allegations in Paragraph 36 characterize NFMA and a case opinion, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied.

37. Defendants admit the allegations in the first sentence of Paragraph 37. The allegations in the second and third sentences of Paragraph 37 characterize the Kootenai National Forest Land and Resource Management Plan ("Kootenai Forest Plan"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Plan's plain meaning, language, and context are denied.

38. The allegations in Paragraph 38 characterize the 2011 Amendments for Motorized Access Management within the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Zones ("Access Amendment"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Access Amendment's plain meaning, language, and context are denied. Defendants aver that the 2015

Kootenai National Forest Revised Land Management Plan ("2015 Forest Plan") superseded the 2011 Access Amendment.

## "FACTUAL BACKGROUND"

### "I. THE BLACK RAM PROJECT"

39. The allegations in Paragraph 39 characterize the Project's Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied.

### "II. THE PROJECT AREA"

40. Defendants admit the allegations in the first, second, and third sentences of Paragraph 40. Defendants deny the allegations in the fourth sentence as vague. Defendants deny the allegations in the fifth sentence of Paragraph 40 and aver that the Endangered Species Act-listed, threatened Canada lynx and grizzly bear, as well as the wolf, which is not a listed species, can be found in the Project area.

41. The allegations in the first sentence of Paragraph 41 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied. Defendants deny the allegations in the second and third sentences as vague.

42. The allegations in Paragraph 42 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied.

**"III. THE IMPERILED STATE OF GRIZZLY BEARS IN THE YAAK AREA"**

43. The allegations in paragraph 43 appear to characterize the U.S. Fish and Wildlife's 2021 Species Status Assessment for the Grizzly Bear (*Ursus arctos horribilis*) in the Lower-48 States: A Biological Report ("2021 Species Status Assessment"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the 2021 Species Status Assessment's plain meaning, language and context are denied.

44. The allegations in the first sentence of Paragraph 44 characterize the Federal Register Notice listing the grizzly bear as a threatened species, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Notice's plain meaning, language, and context are denied. The allegations in the second sentence of Paragraph 44 are too vague to permit a response and are, therefore, denied. These allegations characterize without attribution U.S. Fish & Wildlife Service's past statements, which speak for themselves and are the best evidence of their own contents.

45. The allegations in Paragraph 45 characterize the Grizzly Bear Recovery Plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Plan's plain meaning, language, and context are denied. Regarding the allegations in the third sentence of Paragraph 45, Defendants admit that the Project area is included in the Cabinet-Yaak Ecosystem.

46. The allegations in the first sentence of Paragraph 46 characterize the September 15, 2021, Project Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Biological Opinion's plain meaning, language, and context are denied. The allegations in the second sentence of Paragraph 46 are too vague to permit a response and are, therefore, denied. These allegations characterize without attribution a U.S. Fish and Wildlife document or statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document or statement's plain meaning, language, and context are denied. Defendants deny the allegations in the third sentence of Paragraph 46.

47. The allegations in Paragraph 47 characterize the September 15, 2021, Project Biological Opinion and an academic article, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the Biological Opinion or article's plain meaning, language, and context are denied.

48. The allegations in Paragraph 48 characterize the U.S. Fish & Wildlife Service's 2021 Grizzly Bear in the Lower-48 States: 5-Year Status Review: Summary and Evaluation ("2021 5-Year Status Review"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the 2021 5-Year Status Review's plain meaning, language, and context are denied.

49. The allegations in Paragraph 49 characterize the U.S. Fish & Wildlife Service's 2021 5-Year Status Review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the 2021 5-Year Status Review's plain meaning, language, and context are denied.

50. The allegations in Paragraph 50 characterize the U.S. Fish & Wildlife Service's 2021 5-Year Status Review, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the 2021 5-Year Status Review's plain meaning, language, and context are denied.

51. Defendants deny the allegations in the first sentence of Paragraph 51. The allegations in the second and third sentences of Paragraph 51 characterize an article, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the article's plain meaning, language, and context are denied.

52. The allegations in Paragraph 52 characterize a Biological Opinion from another project and an article, which speak for themselves and are the best

evidence of their contents. Any allegations contrary to the Biological Opinion and article's plain meaning, language, and context are denied. Regarding the allegations in Footnotes 2 and 3 to Paragraph 52, the allegations characterize a Biological Opinion from another project and an article, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the Biological Opinion and article's plain meaning, language, and context are denied.

**"IV. THE BLACK RAM PROJECT'S IMPACTS"**

53. The allegations in Paragraph 53 characterize the Project Environmental Assessment and the Project Decision Notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied.

54. The allegations in Paragraph 54 characterize the Project Environmental Assessment and the Project Decision Notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied.

55. The allegations in Paragraph 55 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Assessment's plain meaning, language, and context are denied.

56. The allegations in Paragraph 56 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Assessment's plain meaning, language, and context are denied.

57. The allegations in Paragraph 57 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Assessment's plain meaning, language, and context are denied.

58. The allegations in Paragraph 58 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Assessment's plain meaning, language, and context are denied.

59. The allegations in Paragraph 59 characterize the Project Biological Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Assessment's plain meaning, language, and context are denied.

## "V. THE FOREST SERVICE'S REVIEW AND APPROVAL OF THE BLACK RAM PROJECT"

60. Defendants admit the allegations in Paragraph 60.

61. Defendants admit the allegations in Paragraph 61.

62. Defendants admit the allegations in Paragraph 62 that the Forest Service issued a final Project Environmental Assessment and a draft Decision Notice on December 10, 2019, but Defendants aver that the draft Decision Notice was subsequently withdrawn on February 18, 2020.

63. The allegations in Paragraph 63 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

64. The allegations in Paragraph 64 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

65. The allegations in Paragraph 65 characterize a letter authored by Keith Lannom, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the letter's plain meaning, language, and context are denied.

66. Defendants deny the allegations in the first sentence of Paragraph 66. The allegations in the second sentence of Paragraph 66 characterize the September 15, 2021, Project Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation contrary to the Biological Opinion's plain meaning, language, and context are denied.

67. Regarding the allegations in the first sentence of Paragraph 67, Defendants deny the characterization that the final Project Environmental

Assessment issued on June 21, 2022, was "new." Defendants admit the remaining allegations in the first sentence of Paragraph 67. Defendants admit the allegations in the second sentence of Paragraph 67. The allegations in the third sentence of Paragraph 67 characterize the June 21, 2022, final Project Environmental Assessment and Decision Notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the Environmental Assessment and Decision Notice's plain meaning, language, and context are denied.

68. The allegations in Paragraph 68 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied.

69. The allegations in Paragraph 69 characterize the Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied.

70. The allegations in Paragraph 70 constitute legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied. The allegations in Paragraph 70 also characterize the Project Environmental Assessment and the Project Biological Assessment, which speak

for themselves and are the best evidence of their contents. Any allegations contrary to the Environmental Assessment and Biological Assessment's plain meaning, language, and context are denied. Defendants also deny any allegation of unlawful conduct.

71. The allegations in Paragraph 71 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 71 also characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied.

72. The allegations in Paragraph 72 characterize the Project Environmental Assessment and Plaintiffs' comments and objections to the Project, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied. Defendants deny the allegations in the final sentence of Paragraph 72.

73. The allegations in Paragraph 73 characterize a carbon report and the Project Environmental Assessment, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain meaning, language, and context are denied.

74. Defendants admit only that the Forest Service issued a Finding of No Significant Impact and concluded that it need not prepare an Environmental Impact Statement. Defendants deny all other allegations in Paragraph 74.

75. The allegations in the first sentence of Paragraph 75 characterize Forest Service media, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the media's plain meaning, language, and context are denied. Defendants deny the allegations in the second sentence of Paragraph 75 as vague. Defendants deny the allegations in the third sentence of Paragraph 75.

## "FIRST CAUSE OF ACTION"

"(NEPA & APA Violations: Failure to Take a Hard Look)"

76. All previous responses are incorporated by reference.

77. The allegations in Paragraph 77 characterize NEPA and regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the statute and regulations' plain meaning, language, and context are denied.

78. The allegations in Paragraph 78 characterize regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain meaning, language, and context are denied.

79. The allegations in Paragraph 79 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

80. The allegations in Paragraph 80 constitute legal conclusions and characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied. Defendants deny any allegation of unlawful conduct. Defendants deny all allegations in Paragraph 80 that the Project Environmental Assessment failed to analyze impacts as required by NEPA or any other legal authority.

81. The allegations in Paragraph 81 constitute legal conclusions and characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied. Defendants deny any allegation of unlawful conduct.

82. The allegations in Paragraph 82 characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied. Defendants deny all allegations in

Paragraph 82 that the Project Environmental Assessment failed to analyze impacts as required by NEPA or any other legal authority.

83. The allegations in Paragraph 83 characterize two judicial opinions, which speak for themselves and are the best evidence of their contents. Any allegations converse to the opinions' plain meaning, language, and context are denied.

84. The allegations in Paragraph 84 constitute legal conclusions and characterize the Project Environmental Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Environmental Assessment's plain meaning, language, and context are denied. Defendants deny any allegation of unlawful conduct. Defendants deny all allegations in Paragraph 84 that the Project Environmental Assessment failed to analyze impacts as required by NEPA or any other legal authority.

85. The allegations in Paragraph 85 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

**"SECOND CAUSE OF ACTION"**

"(NEPA & APA Violations: Failure to Prepare an Environmental Impact Statement)"

86. All previous responses are incorporated by reference.

87. The allegations in the first sentence of Paragraph 87 characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations converse to the Statute's plain meaning, language, and context are denied. The allegations in the second sentence of Paragraph 87 characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. Any allegations converse to the opinion's plain meaning, language, and context are denied.

88. The allegations in Paragraph 88 characterize regulations, which speak for themselves and are the best evidence of their contents. Any allegations converse to the regulations' plain meaning, language, and context are denied.

89. The allegations in Paragraph 89 characterize regulations, which speak for themselves and are the best evidence of their contents. Any allegations converse to the regulations' plain meaning, language, and context are denied.

90. Defendants deny the allegations in Paragraph 90.

91. The allegations in Paragraph 91 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## "**THIRD CAUSE OF ACTION**"
"(NFMA & APA Violations: Inconsistent with Forest Plan)"

92. All previous responses are incorporated by reference.

93. The allegations in the first sentence of Paragraph 93 characterize NFMA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the statute's plain meaning, language, and context are denied. The allegations in the second, third, and fourth sentences of Paragraph 93 characterize the Kootenai National Forest Plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Plan's plain meaning, language, and context are denied.

94. The allegations in Paragraph 94 and both of its subparts (94a and 94b) constitute legal conclusions and characterize the Kootenai National Forest Plan and the Project Environmental Assessment, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the Plan and Environmental Assessment's plain meaning, language, and context are denied. Defendants deny all allegations in Paragraph 94 and its subparts that the Project violates any of the Kootenai National Forest Plan's standards.

95. The allegations in Paragraph 95 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## "**PRAYER FOR RELIEF**"

The remaining paragraphs of the Complaint, listed 1-7, constitute Plaintiffs' request for relief, to which no response is required. To the extent a further

response may be required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.

## DEFENSES

Without limiting or waiving any defenses available to them, Defendants hereby assert:

1. To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claim should be dismissed.

2. To the extent that the Court lacks subject matter jurisdiction over some or all of the claims in the Complaint, any such claims should be dismissed.

3. To the extent that Plaintiffs lack standing to raise some or all of their claims, any such claim should be dismissed.

4. Defendants reserve the right to assert any other claims as may be available, or may become available, during the course of these proceedings.

Respectfully submitted this 22nd day of September, 2022.

TODD KIM
Assistant Attorney General
Environment & Natural Resources
Division
U.S. Department of Justice

*/s/ Hayley A. Carpenter*
HAYLEY A. CARPENTER
Natural Resources Section
ERIKA A. FURLONG
Wildlife & Marine Resources Section
Trial Attorneys
150 M St. NE
Washington, D.C. 20002
Phone: (202) 305-0242 (Carpenter)
(202) 305-0424 (Furlong)
Fax: (202) 305-0506
Email: hayley.carpenter@usdoj.gov
erika.furlong@usdoj.gov

*Counsel for Defendants*