Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
2315 McDonald Ave., Suite 106
Missoula, MT 59801
kris@krismcleanlaw.com
tyson@krismcleanlaw.com

Julie Weis
HAGLUND KELLEY LLP
2177 SW Broadway
Portland, OR 97201
weis@hk-law.com
(Motion for admission *pro hac vice* pending)

*Attorneys for Proposed Defendant-Intervenor Kootenai Tribe of Idaho*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. FOREST SERVICE, *et al.*,<br><br>Defendants.<br><br>KOOTENAI TRIBE OF IDAHO,<br><br>Proposed Defendant-Intervenor. | Case No: 9:22-cv-00114-DWM<br><br>**DECLARATION OF GARY AITKEN, JR.** |

I, Gary Aitken, Jr., being sworn, declare as follows:

1. I am a citizen of the Kootenai Tribe of Idaho (the Kootenai Tribe or Tribe) and the Vice-Chairman of the Kootenai Tribal Council. I make this declaration based on personal knowledge and in support of the Tribe's motion to intervene on the side of federal defendants in this lawsuit challenging the Forest Service's Black Ram Project (the Project) on the Kootenai National Forest (the Forest). I am over the age of 18, and if called as a witness would testify competently as follows.

2. The Kootenai Tribe of Idaho is a federally recognized sovereign nation that has existed since time immemorial. The Tribe is governed by a nine-person Tribal Council that includes six Tribal Council members, a Chairperson and two alternates. I am a third generation Tribal Council member and am currently serving my fifth term on Tribal Council. I have served as Tribal Council Chairman on two prior occasions.

3. The Kootenai Tribe is headquartered near the town of Bonners Ferry in Idaho's Kootenai River Valley. The Kootenai (Ktunaxa) Nation as a whole consists of seven modern bands, two in the United States (the Kootenai Tribe and the Confederated Salish and Kootenai Tribes of the Flathead Reservation) and five

in Canada. These bands have inhabited portions of Idaho, Montana, Washington, British Columbia and Alberta since time immemorial and are divided into Lower and Upper Kootenai groups. The Tribe belongs to the Lower Kootenai group, which historically inhabited the area along the Kootenai River from above Kootenai Falls in present-day Montana to Kootenay Lake in present-day British Columbia. The Kootenai Tribe possesses federally reserved fishing, hunting and gathering rights within Kootenai Territory, as reserved in the Treaty of Hellgate of 1855.

4. Kootenai Tribe elders pass down the history of the beginning of time, which tells that the Kootenai people were created by Quilxka Nupika (Kwiɫqa Nupika in the Ktunaxa language), the Supreme Being, and placed on earth to keep the Creator-Spirit's Covenant, which is to guard and keep the land forever. The Kootenai people have never lost sight of their original purpose as guardians of the land.

5. Because I have extensive knowledge of natural resource issues of importance to the Tribe, the Kootenai Tribal Council assigned me the responsibility to provide Council oversight of natural resource matters like Black Ram. I come by this knowledge naturally, both because I spend a lot of time in the

woods and because my father was the Tribe's first Kootenai River white sturgeon hatchery manager – the conservation hatchery became a big part of my life starting when I was only around 10 years old.

6. In 1989, the Kootenai Tribe became involved in the study of the declining Kootenai River white sturgeon, a species of great cultural and religious importance to the Tribe. My father assisted in opening the Tribe's sturgeon hatchery and then operated it from 1991 to 1994 with a goal of preserving the genetic variability of the declining sturgeon population while steps were being taken to restore suitable habitat conditions in the Kootenai River ecosystem. I worked in the hatchery as an employee of the Kootenai Tribe's Fish and Wildlife Department from about 2002 to 2008, first on biomonitoring, then on aquaculture. The Kootenai River white sturgeon was listed as an endangered species in 1994, but our efforts continue – the white sturgeon does not reach spawning maturity until the age of about 30 years, so the Tribe is hopeful its efforts will help restore this important species.

7. I also serve as the official representative of the Tribe on the Interagency Grizzly Bear Committee's Selkirk/Cabinet-Yaak subcommittee. The Tribe's Fish and Wildlife Department Wildlife Division Manager Scott Soults,



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

who is an alternate member of the Selkirk/Cabinet-Yaak Subcommittee, often attends the Subcommittee meetings as my delegate. The Tribe's participation on the Selkirk/Cabinet-Yaak Subcommittee helps us ensure that the needs of the grizzly bear, another Ktunaxa resource of important to the Tribe, are being taken care of until the bear can take care of itself.

8. The Forest's Black Ram Project is located in Kootenai Territory, squarely within the Tribe's primary area of responsibility. The Tribe therefore engaged in government-to-government consultation with the Forest Service regarding the Project. The Kootenai Tribe works closely and collaboratively with the Forest Service on land management projects within Kootenai Territory with a goal of protecting the National Forest System lands within our Territory. Doing so is essential to fulfilling our Covenant with the Creator to keep and guard the land forever.

9. Because the Black Ram Project is located in an area of importance to the Tribe for exercise of its reserved rights and religious practice, we met with the Forest Service during pre-scoping to discuss potential Project impacts on cultural resources, hunting, recreation, huckleberries, aquatic resources, old-growth management, fire management, ungulate winter range, and grizzly bears, among



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

other things. The Tribe was particularly pleased to see the Forest Service recognizing the ill effects of historical fire suppression and proposing steps to restore forest resiliency in the Project area. Additional government-to-government meetings with the Forest Service followed, with our goal being to make sure the Forest Service had done its due diligence and developed a sound land management project that will help and not harm Ktunaxa resources.

10. Ultimately, the Kootenai Tribe supported Black Ram Project implementation because it is consistent with the Tribe's holistic and proactive approach towards land management within Kootenai Territory. The Tribe's approach to forest management is and always has been – since before contact – based on stewardship and active management of the land. We do not believe in a hands-off approach nor support excluding humans from the Forest, which we believe impedes restoration efforts.

11. In March 2021, the Tribe learned that a man named Rick Bass, who is affiliated with plaintiff Yaak Valley Forest Council, had published a guest opinion in Native News Online stating that the Forest Service had not complied with its tribal consultation obligation for the Black Ram Project. In response, the Tribe sent a letter to the Editor of Native News Online explaining that the Tribe had been



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

consulted on the Project and that Mr. Bass had no business speaking on our behalf. A copy of the letter is attached as Exhibit A.

12. Additional misinformation about the Black Ram Project followed, causing the Tribe in October 2021 to send a letter to the Council on Environmental Quality (CEQ) stating that we were aware certain entities were lobbying CEQ to terminate the Project and expressing

> our frustration that one of the tactics they have used as part of their lobbying is to claim the Forest Service has not consulted with Indigenous Nations. Those individuals and nongovernmental organizations do not represent Indigenous Nations and should not speak on behalf of Indigenous Nations. Shame on them for attempting to do so.

Exhibit B.

13. The Kootenai Tribe is a strong and active sovereign that focuses its energies and determination on remaining true to its creation story by keeping the Creator-Spirit's Covenant to guard and keep the land forever. The Tribe believes that by following this fundamental law, the land in turn will provide for the Tribe. We know that over the years, National Forest System lands within Ktunaxa Territory were subjected to misguided land management that removed fire from the landscape and decreased forest resiliency. The result was an unhealthy forest ecosystem, decreased game and endangerment of Kootenai Treaty resources, all to

the detriment of Tribal members. The Tribe is committed to restoring the forests in Ktunaxa Territory and believes the Black Ram Project is a step in the right direction. The Tribe continues to support the Black Ram Project because it is protective of Ktunaxa resources and will further the restoration of Ktunaxa Territory forests.

14. This case implicates the Forest Service's Access Amendments, which were adopted via the agency's Record of Decision for Forest Plan Amendments for Motorized Access Management within the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Zones. The decision amended the Forest Plans for the Kootenai, Lolo, and Idaho Panhandle National Forests to better control motorized access in grizzly bear habitat for the benefit of the bear. Later-adopted Forest Plans, like the 2015 Kootenai National Forest Plan, incorporated the Access Amendments directly. The Kootenai Tribe believes the Grizzly Bear Access Amendments reasonably balance the need to protect natural resources with the need for human access to National Forests for ecological restoration and exercise of Treaty and religious rights. The Kootenai people's use of the Forest is not an affront to natural resources – Ktunaxa resources are part of us, and we should have that freedom.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

The Tribe thus desires to preserve the carefully struck balance embodied in the Access Amendments.

15. Finally, the federal defendants do not (and I believe cannot) adequately represent the Kootenai Tribe in this litigation, even though the Tribe and the federal defendants both support the Project. The Tribe is a sovereign nation whose interests cannot be represented by another sovereign. The Tribe engages with the Forest Service on a government-to-government basis, sovereign to sovereign. The Forest Service defendants do not represent the non-overlapping interests of the Kootenai people.

**I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

Dated this 19th day of October, 2022.

Gary Aitken, Jr.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

# Kootenai Tribe of Idaho

P.O. Box 1269
100 Circle Drive
Bonners Ferry, ID 83805
Ph# (208) 267-3519
Fax (208) 267-2960

To the Editor, Native News Online:

The Kootenai Tribe of Idaho would like to set the record straight in response to the opinion piece "Ancient Forest on Ancestral Land Poses Biden's Biggest Test Yet on Indigenous Rights, Climate Change and the Environment" published on March 27, 2021.

Mr. Bass is not Indigenous, does not represent Indigenous interests, and has no business speaking on our behalf.

The Black Ram Project is located in Kootenai Territory.

The Kootenai Tribe has not only been consulted on the Black Ram Project numerous times, the Tribe agrees with the purpose, need and goals of the Project and has worked closely with the Kootenai National Forest to restore forests in Ktunaxa Territory to healthy, resilient ecosystems.

Respectfully,

Gary Aitken, Jr.
Chairman

# Kootenai Tribe of Idaho

P.O. Box 1269
100 Circle Drive
Bonners Ferry, ID 83805
Ph# (208) 267-3519
Fax (208) 267-2960


08 October 2021

Ms. Stephenne S. Harding
Senior Director for Lands
White House Council on Environmental Quality
Executive Office of the President
Stephenne.S.Harding@ceq.eop.gov

Mr. Matt Lee-Ashley
Chief of Staff
Council on Environmental Quality
Executive Office of the President
Matthew.G.Lee-Ashley@ceq.eop.gov

Re: Black Ram Project: Ktunaxa Territory, Kootenai National Forest

Dear Senior Director Harding and Chief of Staff Lee-Ashley:

Kootenai (Ktunaxa) Tribe elders pass down the history of the beginning of time, which tells that the Ktunaxa people were created by Quilxka Nupika, the Supreme Being, and placed on earth to keep the Creator-Spirit's Covenant – to guard and keep the land forever. The Kootenai have never lost sight of their original purpose as guardians of the land.

The Kootenai Tribe and the United States Forest Service enjoy an exceptionally close working relationship and collaborate often on issues of common concern to protect the National Forest System lands within Ktunaxa Territory, which includes the Idaho Panhandle and Kootenai National Forests. Management of the National Forests within the Territory is important to fulfill our Covenant with the Creator.

The Black Ram Project ("Project") is located in Ktunaxa Territory and includes traditional use areas, sacred sites, and areas where Kootenai citizens exercise Treaty-reserved hunting, fishing and gathering rights. The area is critical to the culture and religion of the Kootenai Tribe and greater Ktunaxa Nation.

Forest management over the last century through fire suppression policies, overharvest and other policies has led to Forests in poor health, including the Project area. The Kootenai Tribal Council heeds the words of its elders, who say the forests in the Territory do not look like they are supposed to look based on Ktunaxa oral histories, and the forests do not support the Territory and the Ktunaxa in the manner they should. The Covenant must be honored to make the forests healthy once again.

The Kootenai Tribe, the Three Rivers Ranger District and the Kootenai National Forest have been in continuous government-to-government consultation since before scoping on the Project. The Tribe agreed and continues to agree with the Project's purpose and need, which are consistent with the Tribe's mandates under the Covenant.

The Tribe provided extensive and critical comments to the District and Forest during scoping and early iterations of the environmental assessment. The Tribe, District and Forest worked together to address the Tribe's concerns. The recent biological opinion issued by the U.S. Fish and Wildlife Service also contains a number of mitigation measures that improve the Project.

Based on the extensive government-to-government discussions, Ktunaxa traditional knowledge and western science from our Fish and Wildlife Department and the Forest Service, the Tribe fully supports the Project and asks that the White House and Council on Environmental Quality allow the Project to move forward. Doing so will not only allow the Forest Service to fulfill its federal responsibilities, it will allow the Tribe to continue to fulfill its Covenant and its collaborative work toward restoring forest health in the Territory.

The Tribe is aware certain individuals and nongovernmental organizations have lobbied you and the Council on Environmental Quality to terminate the Project. We cannot express enough our frustration that one of the tactics they have used as part of their lobbying is to claim the Forest Service has not consulted with Indigenous Nations. Those individuals and nongovernmental organizations do not represent Indigenous Nations and should not speak on behalf of Indigenous Nations. Shame on them for attempting to do so.

The Tribe appreciates your listening to the message of this letter. We would be very happy to meet government-to-government with your agency on this important Project. Please contact Attorney General William Barquin at wbarquin@kootenai.org to arrange such a meeting.

Sincerely yours,

Jennifer Porter
Chairperson

cc: The Hon. Shelly Fyant, Chairwoman, Confederated Salish & Kootenai Tribes
(constituent government of the Ktunaxa Nation)
Mr. Vernon Finley, Director, Kootenai Culture Committee, CSKT

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of October, 2022, I served a true and correct copy of the foregoing document, via CM/ECF on:

Clerk of U.S. District Court

Ronni M. Flannery
LAW OFFICE OF RONNI M. FLANNERY
936 South 2nd Street, West
Missoula, MT 59801
rflannery@bresnan.net

Andrea Zaccardi
CENTER FOR BIOLOGICAL DIVERSITY
PO Box 469
Victor, MT 83455
azaccardi@biologicaldiversity.org

Edward B. Zukoski
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop Steet, Suite 421
Denver, CO 80202
tzukoski@biologicaldiversity.org

Marla Fox
WILDEARTH GUARDIANS – PORTLAND
P.O. Box 13086
Portland, OR 97213
mfox@wildearthguardians.org

Sara K. McMillan
WILDEARTH GUARDIANS – MISSOULA
117 W. Broadway
P.O. Box 7516
Missoula, MT 59801
smcmillan@wildearthguardians.org

*Attorneys for Plaintiffs Center for Biological Diversity, Yaak Valley Forest Council and WildEarth Guardians*

Erika Furlong
U.S. DEPARTMENT OF JUSTICE –
E.N.R.D. WILDLIFE & MARINE SECTION
150 M Street NE
Washington, DC 20002
erika.furlong@usdoj.gov

Hayley A. Carpenter
U.S. DEPARTMENT OF JUSTICE –
E.N.R.D.
150 M Street NE
Washington, DC 20002
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*

By: /s/ Kris A. McLean