IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. FOREST SERVICE, et. al., <br><br> Defendants. <br><br> and <br><br> KOOTENAI TRIBE OF IDAHO, <br><br> Defendant-Intervenor. | CV 22–114–M–DWM <br><br> ORDER |

    The Kootenai Tribe of Idaho (the "Tribe") moves to intervene as a defendant in this matter regarding challenges to the United States Forest Service's Black Ram Project on the Kootenai National Forest (the "Project"). (Doc. 23.) No other party has taken a position on this motion. (*See id.*) The Tribe's interest in the Project stems from the Tribe's ancestral and ongoing relationship with the land and natural resources in the Project area, (Aitken Decl., Doc. 23-6 at ¶¶ 8–9)—the Tribe also

1

supports the Project, (Doc. 24 at 12). The Tribe therefore seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).[1]

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted). The Tribe meets these requirements.

First, the Tribe's motion to intervene is timely because the case management order was just recently entered, substantive briefing has not yet begun, and the parties expect an amended complaint to be filed in December 2022. (Doc. 25.) Second, the Tribe has a significant protectable interest in protecting, restoring, and advocating for natural resources in the Kootenai National Forest, some of which is located within the Tribe's ancestral territory. (Aitken Decl., Doc. 23-6 at ¶ 8.) Third, the Forest Service's ability to carry out the Project may substantially affect

---

[1] The Tribe alternatively seeks permissive intervention under Rule 24(b). Because the requirements of Rule 24(a) are met, permissive intervention is not addressed.

2

the Tribe's interest. Fourth, the existing parties may not adequately represent the Tribe's interests because the Tribe has distinct and unique interests as a separate sovereign.

Accordingly, IT IS ORDERED that the Tribe's motion to intervene (Doc. 23) is GRANTED. The caption is modified as reflected above. Defendant-Intervenor shall re-file its answer and motions to appear *pro hac vice*.

IT IS FURTHER ORDERED that Defendant-Intervenor shall abide by the terms of the existing case management order, including the term that Defendant-Intervenor's briefing should not be duplicative of Federal Defendant's briefing. (Doc. 25.) Counsel is reminded of the admonition that in all filings with the Court, the parties shall not use acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, EIS, and EA.

DATED this 28th day of October, 2022.

Donald W. Molloy, District Judge
United States District Court