Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
2315 McDonald Ave., Suite 106
Missoula, MT 59801
kris@krismcleanlaw.com
tyson@krismcleanlaw.com

Julie Weis
HAGLUND KELLEY LLP
2177 SW Broadway
Portland, OR 97201
jweis@hk-law.com
(Motion for admission *pro hac vice* pending)

*Attorneys for Defendant-Intervenor*
*Kootenai Tribe of Idaho*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. FOREST SERVICE, *et al.*,<br><br>Defendants.<br><br>KOOTENAI TRIBE OF IDAHO,<br><br>Defendant-Intervenor. | Case No: 9:22-cv-00114-DWM<br><br>**ANSWER OF KOOTENAI TRIBE OF IDAHO** |

# KOOTENAI TRIBE OF IDAHO'S ANSWER

Intervenor the Kootenai Tribe of Idaho (the Tribe) answers Plaintiffs' Complaint for Declaratory and Injunctive Relief (Plaintiffs' Complaint) as alleged below. The numbered paragraphs correspond to the numbered paragraphs in Plaintiffs' Complaint.

## INTRODUCTION

1. The allegations in paragraph 1 constitute plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, the Tribe denies the allegations.

2. The allegations in paragraph 2 constitute plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, the Tribe denies the allegations.

3. The allegations in paragraph 3 constitute plaintiffs' characterization of the case, to which no response is required, and the Black Ram Project (the Project), which is described in the Project's Decision Notice and Environmental Assessment, both of which speak for themselves. To the extent a response is required, the Tribe denies the allegations.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

4. The allegations in paragraph 4 constitute plaintiffs' characterization of the case, to which no response is required, and the Project's Environmental Assessment, which speaks for itself and requires no response. To the extent a response is required, the Tribe denies the allegations.

5. The allegations in paragraph 5 constitute plaintiffs' characterization of the case, to which no response is required, and the Project's Environmental Assessment, which speaks for itself and requires no response. To the extent a response is required, the Tribe denies the allegations.

6. The allegations in paragraph 6 constitute plaintiffs' characterization of the case, to which no response is required, and a Carbon Report, which speaks for itself and requires no response. To the extent a response is required, the Tribe denies the allegations.

7. The allegations in paragraph 7 constitute plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, the Tribe denies the allegations.

8. The allegations in paragraph 8 constitute plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, the Tribe denies the allegations.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

9. The allegations in paragraph 9 constitute plaintiffs' characterization of the case, to which no response is required. The allegations in paragraph 9 also characterize the Project's Decision Notice and a Forest Service media release, which speak for themselves and require no response. To the extent a response is required, the Tribe denies the allegations.

## JURISDICTION AND VENUE

10. The allegations in paragraph 10 constitute legal conclusions to which no response is required.

11. The allegations in paragraph 11 constitute legal conclusions to which no response is required.

## PARTIES

12. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies.

13. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis denies.

14. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

15. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies.

16. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis denies.

17. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies.

18. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies.

19. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies.

20. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis denies.

21. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies. The allegations in paragraph 21 also appear to characterize the Project's Decision Notice, which speaks for itself and requires no response. To the extent a response is required, the Tribe denies the allegations.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

22. The allegations in paragraph 22 constitute plaintiffs' characterization of the case, to which no response is required. The allegations in paragraph 22 also constitute legal conclusions to which no response is required. To the extent a response is required, the Tribe denies the allegations.

23. The allegations in paragraph 23 constitute plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, the Tribe denies the allegations.

24. Admit.

25. The Tribe admits the allegations in paragraph 25 except for the allegation that defendant Lannon rejected plaintiffs' objections to the Project.

26. Admit.

## LEGAL FRAMEWORK

### I. The Administrative Procedure Act

27. The allegations in paragraph 27 constitute legal conclusions, and plaintiffs' characterization of the case, to which no response is required.

28. The allegations in paragraph 28 constitute legal conclusions, to which no response is required.

### II. The National Environmental Policy Act



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

29. The allegations in paragraph 29 constitute legal conclusions, to which no response is required, and also quote the National Environmental Policy Act, which speaks for itself and requires no response.

30. The allegations in paragraph 30 constitute legal conclusions, to which no response is required, and also quote the Council on Environmental Quality's National Environmental Policy Act implementing regulations, which speak for themselves and require no response.

31. The allegations in paragraph 31 constitute legal conclusions, to which no response is required, and also characterize and/or quote the National Environmental Policy Act, the Council on Environmental Quality's National Environmental Policy Act implementing regulations and case law interpreting same, all of which speak for themselves and require no response.

32. The allegations in paragraph 32 constitute legal conclusions, to which no response is required, and also characterize and quote the Council on Environmental Quality's National Environmental Policy Act implementing regulations, which speak for themselves and require no response.

33. The allegations in paragraph 33 constitute legal conclusions, to which no response is required, and also characterize and quote the Council on



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

Environmental Quality's National Environmental Policy Act implementing regulations, a Council on Environmental Quality publication regarding cumulative effects, and case law interpreting same, all of which speak for themselves and require no response.

34. The allegations in paragraph 34 constitute legal conclusions, to which no response is required, and also characterize and quote the Council on Environmental Quality's National Environmental Policy Act implementing regulations, which speak for themselves and require no response.

## III. The National Forest Management Act

35. The allegations in paragraph 35 constitute legal conclusions, to which no response is required, and also characterize the National Forest Management Act, its implementing regulations, and case law interpreting same, all of which speak for themselves and require no response.

36. The allegations in paragraph 36 constitute legal conclusions, to which no response is required, and also characterize and/or quote the National Forest Management Act and case law interpreting same, which speak for themselves and require no response.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

37. The Tribe admits the allegations in the first sentence of paragraph 37. The remainder of paragraph 37 constitutes plaintiffs' characterization of the Kootenai Forest Plan, which speaks for itself and requires no response.

38. The allegations in the first three sentences of paragraph 38 characterize the Kootenai Forest Plan and the 2011 Access Amendments incorporated therein, which speak for themselves and require no response. The allegations in the last sentence in paragraph 38 constitute plaintiffs' characterization of the case, which requires no response. To the extent a response is required, the Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the last sentence and on that basis denies.

## FACTUAL BACKGROUND

### I. The Black Ram Project

39. The allegations in paragraph 39 characterize the Black Ram Project and characterize and/or quote its Environmental Assessment, which speaks for itself and requires no response.

### II. The Project Area

40. The allegations in the first four sentences characterize the Black Ram Project area, which is described in the Environmental Assessment, which



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

document speaks for itself and requires no response. Regarding the allegations in the fifth sentence, admit that the ESA-listed (threatened) Canada lynx and grizzly bear, and the wolf which is not an ESA-listed species, may be found in the Project area. The Tribe otherwise lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

41. The allegations in the first sentence of this paragraph characterize the Black Ram Project as described in the Environmental Assessment, which speaks for itself and requires no response. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence and on that basis denies. The allegations in the third sentence constitute plaintiffs' characterization of the case, to which no response is required, but to the extent a response is required, the Tribe denies the allegations, including because of their vagueness.

42. The allegations in paragraph 42 characterize the Black Ram Project as described in the Environmental Assessment, which speaks for itself and requires no response.

## III. The Imperiled State of Grizzly Bears in the Yaak Area



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

43. The allegations in paragraph 43 appear to characterize the Fish and Wildlife Service's Species Status Assessment for the Grizzly Bear (*Ursus arctos horribilis*) in the Lower-48 States: A Biological Report, which speaks for itself and requires no response.

44. The allegations in paragraph 44 appear to characterize the Federal Register notice listing the grizzly bear as a threatened species, 40 Fed. Reg. 31, 734 (July 28, 1975), which speaks for itself and requires no response.

45. The allegations in paragraph 45 appear to characterize the Fish and Wildlife Service's Grizzly Bear Recovery Plan, which speaks for itself and requires no response.

46. The allegations in paragraph 46 appear to characterize the Fish and Wildlife Service's Biological Opinion for the Black Ram Project, which speaks for itself and requires no response.

47. The allegations in paragraph 47 appear to characterize a scientific publication referred to as Kasworm et al. (2020) and the Fish and Wildlife Service's Biological Opinion for the Black Ram Project, both of which speak for themselves and require no response.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

48. The allegations in paragraph 48 characterize and quote the Fish and Wildlife Service's Five-Year Status Review for the Grizzly Bear in the Lower-48 States, which document speaks for itself and requires no response.

49. The allegations in the first sentence of paragraph 49 characterize and quote the Fish and Wildlife Service's Five-Year Status Review for the Grizzly Bear in the Lower-48 States, which document speaks for itself and requires no response. The allegations in the second sentence of paragraph 49 constitute plaintiffs' characterization of the case, to which no response is required.

50. The allegations in paragraph 48 characterize and quote the Fish and Wildlife Service's Five-Year Status Review for the Grizzly Bear in the Lower-48 States, which document speaks for itself and requires no response.

51. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 51 and on that basis denies. The remainder of paragraph 51 characterizes and quotes a publication authored by Katherine C. Kendall, et al., titled Density, Distribution, and Genetic Structure of Grizzly Bears in the Cabinet-Yaak Ecosystem, published in 2016 in the Journal of Wildlife Management, which document speaks for itself and requires no response.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

52. The allegations in paragraph 52 characterize and quote a Fish and Wildlife Service Biological Opinion for the Rock Creek Cooper/Silver Mine, which document speaks for itself and requires no response.

**IV. The Black Ram Project's Impacts**

53. The allegations in paragraph 53 characterize the Black Ram Environmental Assessment and Decision Notice, which speak for themselves and speaks for itself and require no response. The allegations in this paragraph also constitute plaintiffs' characterization of the case, to which no response is required.

54. The allegations in paragraph 54 characterize and quote the Black Ram Environmental Assessment and Decision Notice, which speak for themselves and require no response. The allegations in this paragraph also constitute plaintiffs' characterization of the case, to which no response is required.

55. The allegations in paragraph 55 characterize and quote the Black Ram Environmental Assessment, which speaks for itself and requires no response. The allegations in this paragraph also constitute plaintiffs' characterization of the case, to which no response is required.

56. The allegations in paragraph 56 characterize the Black Ram Environmental Assessment, which speaks for itself and requires no response. The



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

allegations in this paragraph also constitute plaintiffs' characterization of the case, to which no response is required.

57. The allegations in paragraph 57 characterize the Black Ram Environmental Assessment, which speaks for itself and requires no response. The allegations in this paragraph also constitute plaintiffs' characterization of the case, to which no response is required.

58. The allegations in paragraph 58 characterize and quote the Black Ram Environmental Assessment, which speaks for itself and requires no response. The allegations in this paragraph also constitute plaintiffs' characterization of the case, to which no response is required.

59. The allegations in paragraph 59 characterize and quote the Black Ram Biological Assessment, which speaks for itself and requires no response.

## V. The Forest Service's Review and Approval of the Black Ram Project

60. Admit.

61. Admit.

62. Admit.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

63. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 63 and on that basis denies.

64. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 64 and on that basis denies. The allegations in paragraph 64 also constitute legal conclusions which require no response.

65. The allegations in paragraph 65 characterize and quote a letter authored by Deputy Regional Forest Keith Lannom in January 2021, which speaks for itself and requires no response.

66. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 66 and on that basis denies. The remainder of paragraph 66 characterizes and quotes the Fish and Wildlife Service's Biological Opinion for the Black Ram Project, which speaks for itself and requires no response.

67. The allegations in paragraph 67 characterize the Forest Service's June 2022 Environmental Assessment and Decision Notice and Finding of No



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

Significant Impact for the Black Ram Project, which documents speaks for themselves and require no response.

68. The Tribe denies the allegations in paragraph 68. The allegations in paragraph 68 also characterize the Black Ram Environmental Assessment, which speaks for itself and requires no response.

69. The Tribe denies the allegations in paragraph 69. The allegations in paragraph 69 also characterize the Black Ram Environmental Assessment, which speaks for itself and requires no response.

70. The Tribe denies the allegations in paragraph 70. The allegations in paragraph 70 also characterize the Black Ram Environmental Assessment, which speaks for itself and requires no response.

71. The Tribe denies the allegations in paragraph 71. The allegations in paragraph 71 also characterize the Black Ram Environmental Assessment, which speaks for itself and requires no response.

72. The allegations in paragraph 72 characterize and quote the Black Ram Environmental Assessment, which speaks for itself and requires no response. The Tribe denies any allegations in paragraph 72 that are contrary to the contents of the Black Ram Environmental Assessment.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

73. The allegations in paragraph 73 characterize a Carbon Report, which speaks for itself and requires no response.

74. Regarding the allegations in paragraph 74, the Tribe admits that the Forest Service issued a Finding of No Significant Impact for the Black Ram Project, which speaks for itself and requires no response, but otherwise the allegations characterize plaintiffs' characterization of the case, which also rquires no response.

75. The Tribe lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75 and on that basis denies.

## FIRST CAUSE OF ACTION

(NEPA & APA Violations: Failure to Take a Hard Look)

76. The Tribe realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

77. The allegations in paragraph 77 characterize and quote the National Environmental Policy Act and its implementing regulations, which speak for themselves and require no response.

78. The allegation in paragraph 78 characterize the National Environmental Policy Act, which speaks for itself and requires no response.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

79. Denies. The allegations in this paragraph also constitute legal conclusions, which require no response.

80. Denies. The allegations in this paragraph also constitute legal conclusions, which require no response.

81. Denies. The allegations in this paragraph also constitute legal conclusions, which require no response.

82. Denies. The allegations in this paragraph also constitute legal conclusions, which require no response.

83. The allegations in this paragraph constitute legal conclusions, which require no response. The allegations in paragraph 83 also rely on the reference case law, which speaks for itself and requires no response.

84. Denies.

85. Denies.

## SECOND CAUSE OF ACTION
(NEPA & APA Violations: Failure to Prepare an Environmental Impact Statement)

86. The Tribe realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

87. The allegations in this paragraph characterize and quote the National Environmental Policy Act, and Ninth Circuit case law interpreting same, which speak for themselves and require no response.

88. The allegations in paragraph 88 characterize and quote the National Environmental Policy Act's implementing regulations, which speaks for themselves and require no response.

89. The allegations in paragraph 89 characterize and quote the National Environmental Policy Act's implementing regulations, which speaks for themselves and require no response.

90. Denies.

91. Denies.

**THIRD CAUSE OF ACTION**
(NFMA & APA Violations: Inconsistent with Forest Plan)

92. The Tribe realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

93. The allegations in the first sentence of this paragraph characterize the National Forest Management Act, particularly 16 U.S.C. §1604(i), which speaks for itself and requires no response. The allegations in the second through fourth



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

sentences of this paragraph characterize the Kootenai Forest Plan, which speaks for itself and requires no response.

94. Denies (including the allegations in subparts a. and b.).

95. Denies.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes plaintiffs' request for relief, to which no response is required. To the extent a response is required, the Tribe denies plaintiffs are entitled to the relief requested or to any relief whatsoever. The Tribe denies any allegations in the Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

The Tribe raises the following affirmative defenses:

1. Plaintiffs have failed to state a claim upon which relief can be granted on some or all of the issues raised in the Amended Complaint.

2. Plaintiffs have failed to exhaust their administrative remedies with regards to one or more of their claims.

WHEREFORE, the Tribe prays that the Complaint be dismissed with prejudice.



HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

Dated this 31st day of October, 2022.

/s/ Kris A. McLean
Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC

Julie A. Weis
HAGLUND KELLEY LLP
(Motion for admission
*pro hac vice* pending)

*Attorneys for Intervenor Kootenai Tribe of Idaho*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2022, I served a true and correct copy of the foregoing document, via CM/ECF on:

Clerk of U.S. District Court

Ronni M. Flannery
LAW OFFICE OF RONNI M. FLANNERY
936 South 2nd Street, West
Missoula, MT 59801
rflannery@bresnan.net

Andrea Zaccardi
CENTER FOR BIOLOGICAL DIVERSITY
PO Box 469
Victor, MT 83455
azaccardi@biologicaldiversity.org

Edward B. Zukoski
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop Steet, Suite 421
Denver, CO 80202
tzukoski@biologicaldiversity.org

Marla Fox
WILDEARTH GUARDIANS – PORTLAND
P.O. Box 13086
Portland, OR 97213
mfox@wildearthguardians.org

Sara K. McMillan
WILDEARTH GUARDIANS – MISSOULA
117 W. Broadway
P.O. Box 7516
Missoula, MT 59801
smcmillan@wildearthguardians.org

*Attorneys for Plaintiffs Center for Biological Diversity, Yaak Valley Forest Council and WildEarth Guardians*

Erika Furlong
U.S. DEPARTMENT OF JUSTICE –
E.N.R.D. WILDLIFE & MARINE SECTION
150 M Street NE
Washington, DC 20002
erika.furlong@usdoj.gov

Hayley A. Carpenter
U.S. DEPARTMENT OF JUSTICE –
E.N.R.D.
150 M Street NE
Washington, DC 20002
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*

By: /s/ Kris A. McLean