TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN P. TUSTIN (TX Bar No. 24056458)
Senior Attorney, Natural Resources Section
HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorney, Natural Resources Section
ERIKA A. FURLONG (PA Bar No. 319350)
Trial Attorney, Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3022 (Tustin)
(202) 305-0242 (Carpenter)
(202) 305-0424 (Furlong)
Fax: (202) 305-0275

JESSE LASLOVICH
United States Attorney

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | ) Lead Case No. CV 22-114-M-DWM |
| Plaintiffs, and | ) Member Case No. CV 23-3-M-DWM |
| ALLIANCE FOR THE WILD ROCKIES and NATIVE ECOSYSTEMS COUNCIL, | ) |
| Consolidated Plaintiffs, | ) FEDERAL DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION OF THE COURT'S JANUARY 12, 2023 [Lead Case ECF No. 36] AND OCTOBER 21, 2022 |
| v. | ) |
| U.S. Forest Service, et al. | ) |

| | | |
|---|---|---|
| Defendants, | ) | SCHEDULING ORDER [Lead Case ECF No. 25], AND IN THE ALTERNATIVE, MOTION TO AMENDED THE CASE MANAGEMENT ORDER |
| KOOTENAI TRIBE OF IDAHO, | ) | |
| Defendant-Intervenor and Proposed Consolidated Defendant-Intervenor, and | ) | EXPEDITED CONSIDERATION REQUESTED |
| KRISTEN KAISER, District Ranger, Kootenai National Forest, et al., | ) | |
| Consolidated Defendants. | ) | |

# I. INTRODUCTION

To avoid prejudice to Defendants and Consolidated Defendants, and to benefit judicial economy, the Court should clarify that its January 12, 2023 Consolidation Order (ECF No. 36) and October 21, 2022 Scheduling Order (ECF No. 25) require Consolidated Plaintiffs and Plaintiffs to file a single, combined opening brief and single, combined response and reply brief, limited to 10,000 and 9,000 words, respectively. In the alternative, Defendants and Consolidated Defendants propose a staggered briefing schedule that will prevent duplication and hold Consolidated Plaintiffs to reasonable word limits. No party opposes the staggered briefing schedule, but the Consolidated Plaintiffs seek an excessive amount of words.

If the Court is not inclined to grant either of these requests, Defendants and Consolidated Defendants respectfully ask the Court for a modest extension to respond to double the amount of briefing as was contemplated in the original case management plan. Defendants and Consolidated Defendants also respectfully ask the Court to relieve them of the requirement to file an answer to Plaintiffs' Consolidated Complaint because such an answer would be filed during summary judgment briefing.

Expedited consideration of this motion is requested because the first summary judgment brief is due on January 27, 2023.

## II. ARGUMENT

### A. The Court should clarify that Plaintiffs and Consolidated Plaintiffs may only file one combined opening summary judgment brief, limited to 10,000 words, and one combined response and reply summary judgment brief, limited to 9,000 words.

#### 1. <u>The Court should clarify Plaintiffs and Consolidated Plaintiffs must file combined briefs.</u>

Defendants and Consolidated Defendants respectfully move the Court to clarify the impact of the January 12, 2023 Consolidation Order (ECF No. 36) on the current the current briefing schedule, specifically as it applies to the number of briefs allowed and associated word limits.

The Consolidation Order states, "the current briefing schedule, (*see* Doc. 25), remains in place." ECF No. 36 at 2. The current briefing schedule refers to "Plaintiffs' motions for summary judgment and brief." ECF No. 25 at 1. "Motions" is plural, but "brief" is singular. The opening brief is limited to 10,000 words. "Plaintiffs' joint combined reply and response" (also singular) is limited to 9,000 words. *Id.* at 2.

Defendants and Consolidated Defendants interpret the Court's October Order such that the Plaintiffs and Consolidated Plaintiffs will file a single, combined summary judgment brief of 10,000 words on January 27, and a single, combined joint reply and response brief of 9,000 words on April 7. This interpretation is consistent with the plain language of the October Order that refers

to "brief" and "reply and response" in the singular. ECF No. 25 at 1-2. This interpretation also preserves the Court's expectation that there will be a total of **six briefs** for the Court to review, with a potential total of **46,750 words** (excluding the parties' statements of fact and responsive statements of fact).

Finally, this interpretation is consistent with the approach taken in the Flathead Forest Plan litigation, where the Court ordered the plaintiffs and consolidated plaintiffs to "file a single joint brief in support of their motions for summary judgment and a single joint reply/response . . . . Duplicate briefs will be rejected." *WildEarth Guardians v. Steele*, Lead Case No. CV 19-56-M-DWM, ECF No. 55 (attached hereto as Ex. 1). In that consolidated case, the two plaintiffs' groups brought different claims. For example, the WildEarth Guardians plaintiffs alleged the Flathead Forest Plan violated Subpart C of the Travel Management Rule, whereas the Swan View plaintiffs did not. In that case, the two plaintiffs' groups were able to work together to timely file combined briefs.

Plaintiffs and Consolidated Plaintiffs have a radically different interpretation of the Court's October Order. They believe that *each* can file a 10,000-word opening brief on January 27, and that the schedule and word limits in the October Order applies separately to each of their initial briefs. This results in Defendants and Consolidated Defendants filing two combined opening briefs of up to 10,000 words each on March 3, Defendant-Intervenor and Proposed Defendant-Intervenor

filing two combined opening briefs of up to 8,000 words each on March 10, and so on. Plaintiffs' and Consolidated Plaintiffs' interpretation means that there will be a total of **twelve briefs** for the Court to review, with a potential total of **93,500 words** (excluding the parties' statements of fact and responsive statements of fact).

Plaintiffs' and Consolidated Plaintiffs' interpretation of the Court's October Order significantly prejudices Defendants and Consolidated Defendants, who will have to respond to **two** 10,000-word summary judgment briefs and statements of fact in the same amount of time that they expected to respond to one.

One of these sets of briefs (Consolidated Plaintiffs) also involve claims that Defendants and Consolidated Defendants had no notice of prior to January 9, 2023. Although Consolidated Plaintiffs have demonstrated a degree of coordination with Plaintiffs by "intentionally rais[ing] distinctly different claims," neither Plaintiffs nor Consolidated Plaintiffs sought to coordinate with Defendants or Consolidated Defendants to negotiate a fair and reasonable schedule. As Plaintiffs acknowledge, the Parties originally negotiated an "ambitious briefing schedule" and, if Defendants had known there would be twice as many briefs and late filed claims, the schedule would look much different than its current form.

Additionally, Plaintiffs' and Consolidated Plaintiffs' interpretation likely will introduce significant duplication. Their briefs are not staggered, as Defendants' and Consolidated Defendants' filings are. *See* ECF No. 25 at 2

(Defendant-Intervenor files one week after Defendant).

Consolidated Plaintiffs complain that it would be "manifestly unjust" if they must file combined briefs with Plaintiffs because the Defendant-Intervenor is not filing a combined brief with the Defendants and Consolidated Defendants. Defendant-Intervenor, the Kootenai Tribe of Idaho, is a sovereign nation with distinct interests from the Federal Defendants. It is entirely reasonable and fair for the Court to allow the Kootenai Tribe of Idaho to file a separate brief, particularly when it sought to participate in the first action on a timely basis and will timely move to participate in this action.[1] Moreover, the October Order already requires Plaintiffs to file a combined reply and response to both Defendants' and the Defendant-Intervenor's opening briefs.

2. <u>Position of the other Parties on combined briefs.</u>

Counsel for the undersigned conferred with the other parties via email on January 18 and 19, 2023. Their responses on the request for clarification are as follows:

---

[1] The Kootenai Tribe of Idaho (the Tribe), a defendant-intervenor in the lead case, CV 22-114-M-DWM, understands that the Court's consolidation order did not render it a party in the member case, CV 23-3-M-DWM. Because the member case raises claims not at issue in the lead case, the Tribe will promptly seek the Court's leave to intervene in the member case based on its existing intervention papers to avoid duplication, with the addition of a proposed answer that responds to the new complaint.

*Plaintiffs:* "Plaintiffs Center for Biological Diversity *et al.* do not interpret the Court's January 12, 2023 order consolidating cases (Doc. 36) to require the separate Plaintiff groups (the Center for Biological Diversity plaintiffs, and the consolidated Alliance for the Wild Rockies plaintiffs) to file a single, joint brief for summary judgment. The Court's order states that the current briefing schedule will remain in place (Doc. 25) and did not explicitly require joint briefing. Further, maintaining separate briefing for Plaintiffs Center for Biological Diversity *et al.* and Plaintiffs Alliance for the Wild Rockies *et al.* limited to 10,000 words each makes sense because the separate Plaintiff groups bring distinct, non-overlapping claims. Plaintiffs Center for Biological Diversity also sought an ambitious briefing schedule to allow the merits to be fully briefed before logging contracts are sold or logging could begin. Requiring Center Plaintiffs and Alliance Plaintiffs to consolidate briefs so close to the Jan. 27 filing deadline would work a substantial hardship on Center Plaintiffs; or would result in Plaintiffs seeking additional time to file their opening merits brief, which could jeopardize our goal of fully briefing the case on the merits before irreparable harm occurs."

*Consolidated Plaintiffs*: "AWR Plaintiffs oppose the agencies' request for the two Plaintiff groups to file a single brief. The Plaintiff groups have intentionally raised distinctly different claims and therefore require separate briefs to adequately present the claims to the Court. While it is true that Defendants will

need to respond to two separate briefs now that the cases have been consolidated, it is also true that Plaintiffs already have to respond to two separate briefs since Federal Defendants and Defendant-Intervenor are filing separate briefs. To allow Defendants to file two separate briefs but prohibit Plaintiffs from doing the same would be manifestly unjust."

*Defendant-Intervenor and Proposed Consolidated Defendant-Intervenor* do not oppose.

### B. In the alternative, Defendants and Consolidated Defendants propose a new schedule with staggered briefing.

#### 1. The Court should stagger the briefs of Plaintiffs and Consolidated Plaintiffs.

In the alternative, Defendants and Consolidated Defendants respectfully move the Court to enter a scheduling order that staggers the Plaintiffs' and Consolidated Plaintiffs' summary judgment briefs. A proposed schedule, with proposed word limits, is as follows:

| | |
|---|---|
| Plaintiffs' motions for summary judgment and brief (10,000 words) | January 27, 2023 |
| Consolidated Plaintiffs' motions for summary judgment and brief (6,500 words) | February 3, 2023 |
| Defendants and Consolidated Defendants' combined cross-motion for summary judgment and response (15,000 words) | March 9, 2023 |

| | |
|---|---|
| Defendant-Intervenors and Proposed Consolidated Defendants Intervenors' combined cross-motion for summary judgment and response (11,000 words) | March 20, 2023[2] |
| Plaintiffs' joint combined reply and response (9,000 words) | April 20, 2023 |
| Consolidated Plaintiffs' joint combined reply and response (3,250 words)[3] | April 27, 2023 |
| Defendants and Consolidated Defendants' reply (8,000 words) | May 18, 2023 |
| Defendant-Intervenors and Proposed Consolidated Defendants Intervenors' reply (5,000 words) | May 25, 2023 |

The proposed schedule and word count for staggered briefing has a number of benefits for the Court and parties.

*First*, the proposed schedule and word count for staggered briefing reduces the potential for duplicative briefing. Consolidated Plaintiffs would file their briefs

[2] Defendant-Intervenor and Proposed Consolidated Defendant-Intervenor brief ordinarily would be one week after the Defendants and Consolidated Defendants. However, counsel for the Defendant-Intervenor has oral argument in another matter that week and March 20 as the deadline instead. No Party objects to any of the dates in the proposed schedule for staggered briefing. *See* Part II.B.2, *infra*.

[3] Federal Defendants attempted to negotiate with Consolidated Plaintiffs on the word count prior to filing this motion, but the two parties were not able to reach an agreement. The proposed word limits for Consolidated Plaintiffs' briefs are the same as those allowed for a parties' opening and closing briefs under D. Mont. L.R. 7.1(d)(2)(A)). Federal Defendants would not oppose a modest increase to 4,875 words for Consolidated Plaintiffs' combined response/reply.

one week after Plaintiffs, which will enable them to focus solely on the issues presented in their Complaint. The Court's October order has staggered briefing for the Defendants and Defendant-Intervenors, and the Court directed that "Defendant-Intervenor's briefing should not be duplicative of federal Defendants' briefing." ECF No. 25 at 2. The same principle should apply to Consolidated Plaintiffs.

*Second*, the proposed schedule and word count for staggered briefing reduces the total word count that the Court and other parties will have to review. Exclusive of statements of fact and responsive statements of fact, the proposed total word count for summary judgment briefing is **67,750 words**. This is 25,750 words (27%) less than if the Court adopts Plaintiffs' and Consolidated Plaintiffs' interpretation of the October 21, 2022 case management order.

Consolidated Plaintiffs complain that they should have equal, or near equal, words to the Plaintiffs, so that all Plaintiffs and all Defendants have equal briefing. This ignores two important points. First, the Kootenai Tribe of Idaho is a sovereign nation. Second, the Court's October 21, 2022 Order does not have equal briefing for Plaintiffs and all Defendants. The Order allows all Plaintiffs **41%** (19,000) and all Defendants **59%** (27,750) of the total words (46,750). The ratio of words in the proposed schedule for staggered briefing is on par with, and even slightly better for the Plaintiffs' groups, because it allows all Plaintiffs **42%** (28,750) and all Defendants **58%** (39,000) of the total words (67,750).

Consolidated Plaintiffs' request for additional words would upset the balance struck in the Court's October Order – and maintained in Federal Defendants' proposal – because it would increase the Plaintiffs' briefing to 49% (37,000) of the total words (76,000).

Consolidated Plaintiffs should not be rewarded for their decision to delay filing a complaint. They should abide by the balance the other parties reached – and approved by the Court approved – in the initial case management order.

Other than the word count for the Consolidated Plaintiffs, the parties agree on the revised deadlines and increased word count for the defendants. Additional time and words are necessary because defendants will be responding to two separate briefs. Briefing concludes about a month after the October order, but there is now additional time for the Court to consider the two cases on the merits. The Forest Service originally had plans to offer a timber sale in June, but the Forest does not currently have plans to advertise a timber sale authorized under the Black Ram decision until the **fall of 2023**. Consistent with the joint case management plan in the first action (ECF No. 22), Federal Defendants agree to provide Plaintiffs and Consolidated Plaintiffs with **30 days' notice** before commencing any on-the-ground work implementing a timber sale under the Black Ram Project.

2. Position of the other Parties on the staggered schedule.

Counsel for the undersigned conferred with the other parties via email on January 18 and 19, 2023. Their responses on a staggered schedule are as follows:

*Plaintiffs:* "Plaintiffs Center for Biological Diversity do not oppose the staggered schedule as proposed, but defer to Consolidated Plaintiffs Alliance for the Wild Rockies on word limits for their briefs."

*Consolidated Plaintiffs*: "AWR Plaintiffs do not oppose the staggered briefing schedule proposed by Federal Defendants but the two separate Defendant groups (Federal Defendants and Defendant-Intervenor) should have a total word limit that is equal to the total word limit of the two Plaintiff groups (CBD Plaintiffs and AWR Plaintiffs). The schedule currently proposed by the agencies provides a total of 28,750 words to Plaintiffs and a total of 39,000 words to Defendants. The word limits should be equal — 39,000 words for each side — or in the very least, AWR Plaintiffs should have a 10,000 word opening brief and 8,000 word combined response and reply, which would still only afford 36,000 words to Plaintiffs."

*Defendant-Intervenor and Proposed Consolidated Defendant-Intervenor* do not oppose.

### C. If the court rejects both of the above proposals, Defendants and Consolidated Defendants move for an extension of their briefing deadlines.

1. <u>The Court should extend the all deadlines after January 27.</u>

If the Court declines to adopt the proposal for staggered briefing and allows Plaintiffs and Consolidated Plaintiffs to file separate briefs, Defendants and Consolidated Defendants respectfully ask the Court to extend the current litigation deadlines as follows:

| | |
|---|---|
| Plaintiffs' and Consolidated Plaintiffs' Opening Summary Judgment Briefs | January 27, 2023 |
| Defendants and Consolidated Defendants' Summary Judgment and Response and Response Briefs | March 9, 2023 |
| Defendant-Intervenor and Proposed Consolidated Defendant-Intervenor's Summary Judgment and Response Briefs | March 20, 2023 |
| Plaintiffs' and Consolidated Plaintiffs reply and response briefs | April 20, 2023 |
| Defendants and Consolidated Defendants' reply briefs | May 18, 2023 |
| Defendant-Intervenors and Proposed Consolidated Defendants Intervenors' Reply Briefs | May 25, 2023 |

This extension is a reasonable measure to ensure that Defendants and Consolidated Defendants are not prejudiced by Consolidated Plaintiffs' late entry

to the case and the doubling of briefing that will result for Defendants and Consolidated Defendants.

2. <u>Position of the other Parties on the extension request.</u>

Counsel for the undersigned conferred with the other parties via email on January 18 and 19, 2023. Their responses on an extension if the Plaintiff and Consolidated Plaintiffs file separate briefs are as follows:

*Plaintiffs:* "Plaintiffs Center for Biological Diversity take no position on the proposed staggered briefing schedule, based on Federal Defendants representation that: the Forest Service does not currently have plans to advertise a timber sale authorized under the Black Ram decision until the fall of 2023, and that consistent with joint case management plan in the first action (ECF No. 22), Federal Defendants agree to provide Plaintiffs and Consolidated Plaintiffs with 30 days' notice before commencing any on-the-ground work implementing a timber sale under the Black Ram Project."

*Consolidated Plaintiffs*: "AWR Plaintiffs do not oppose your extension requests so long as the Forest Service will not advertise any timber sales under the Black Ram decision until fall of 2023 at the earliest."

*Defendant-Intervenor and Proposed Consolidated Defendant-Intervenor* do not oppose.

### D. The Court should relieve Consolidated Defendants of the requirement to answer Consolidated Plaintiffs' Complaint.

#### 1. Consolidated Defendants seek leave not to file an answer.

Consolidated Defendants respectfully request that the Court relieve them of the requirement to answer Consolidated Plaintiffs' Complaint. An answer to Consolidated Plaintiffs' Complaint would be of little to no value to the Court for multiple reasons and prejudices Consolidated Defendants.

*First*, judicial review of federal agency action under the Administrative Procedure Act is a unique procedure, and answers are of limited utility given the prominence of the administrative record. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA); *see, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005) (holding that the scope of judicial review of agency action is limited to the administrative record).

*Second*, the Court previously granted Plaintiffs' and Defendants' request to forego an answer to Plaintiffs' Amended Complaint. *See* ECF No. 25 at 1, n.1 ("No responsive pleadings necessary" (citation omitted)). There, Plaintiffs and Defendants contended that not filing an answer would save time and allow them to meet an expedited briefing schedule. *See* ECF No. 22 at 3. The same timing considerations apply here, because Consolidated Plaintiffs decided to file their

action when the first was well underway and while Plaintiffs' and Defendants' attention and resources were already turned toward summary judgement briefing.

*Third*, the answer's late due date renders it even less meaningful than it would be in the normal course. Consolidated Plaintiffs served their Complaint on the United States Attorney on January 11, 2023. Consolidated Defendants' answer is therefore due March 13, 2023. *See* Fed. R. Civ. P. 12(a)(2). This date falls *after* the current due date for all Parties' opening summary judgment briefs, *see* ECF No. 2 at 1-2 (showing March 10, 2023 as the due date for Defendant-Intervenor's opening brief). If the Court adopts the revised schedule for staggered briefing or an extension, the answer due date is also *after* Defendants and Consolidated Defendants move for summary judgment. *See* Parts II.B.1 and II.C.1, *supra* (proposing March 9, 2023 for Federal Defendants' opening summary judgment brief). By its very nature, Consolidated Defendants' combined opening summary judgment brief will be a much more robust and useful explanation of their arguments than an answer.

*Fourth*, Consolidated Defendants will be prejudiced if they must draft an answer while they are responding to Plaintiffs' and Consolidated Plaintiffs' opening brief (or briefs). The same agency staff and counsel will be working on the summary judgment filings as would be working on an Answer. Consolidated Defendants wish to use the time that would be spent on the Answer working on

their summary judgment brief and accompanying filings.

*Fifth*, only Consolidated Plaintiffs oppose forgoing an answer, but provide no information on how an answer in an APA case, much less one in the midst of summary judgment briefing, would prejudice them. The only reason provided is that the Court's Consolidation Order says the answer must be filed in the member case, but the following paragraph invites the Parties to request a different schedule and propose an amended joint case management plan. ECF No. 36 at 2. Additionally, the Court's October Order contemplates "all other motions that are not specifically discussed in this Order." ECF No. 25 at 2.

For these reasons, Consolidated Defendants respectfully move the Court to relieve them of the requirement to respond to Consolidated Plaintiffs' Complaint with an answer.

2. Position of the other Parties' on foregoing an answer.

Counsel for the undersigned conferred with the other parties via email on January 18 and 19, 2023. Their responses on Consolidated Defendants forgoing an answer are as follows:

*Plaintiffs:* "Plaintiffs Center for Biological Diversity take no position on Defendants' motion for leave to forego filing and answer."

*Consolidated Plaintiffs*: "AWR Plaintiffs oppose your request to forego filing an Answer. The Court already ordered Defendants to file an Answer."

*Defendant-Intervenor and Proposed Consolidated Defendant-Intervenor* do not oppose.

## III. CONCLUSION

For the foregoing reasons, the Court should clarify that Consolidated Plaintiffs and Plaintiffs must file a single, combined opening brief and single, combined response and reply brief, limited to 10,000 and 9,000 words, respectively. In the alternative, the Court should adopt the proposed staggered briefing schedule.

If the Court is not inclined to grant either of these requests, the Court should extend all deadlines after January 27. The Court should also forgo Consolidated Defendants' current requirement to file and answer to Consolidated Plaintiffs' Complaint.

Respectfully submitted on this 19th day of January, 2023.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ John P. Tustin*
JOHN P. TUSTIN
Senior Attorney, Natural Resources Section
HAYLEY A. CARPENTER
Trial Attorney, Natural Resources Section
ERIKA A. FURLONG
Trial Attorney, Wildlife & Marine Resources Section
P.O. Box 7611

Washington, D.C. 20044-7611
Phone: (202) 305-3022 (Tustin)
(202) 305-0242 (Carpenter)
(202) 305-0424 (Furlong)
Fax: (202) 305-0275

JESSE LASLOVICH
United States Attorney

*Attorneys for Federal Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), there are 3,532 words in the brief as counted using the word count feature in Microsoft Word, excluding the caption, table of contents and authorities, signature blocks, and certificates of service and compliance, and exhibit index.

*/s/ John P. Tustin*
JOHN P. TUSTIN
*Attorney for Consolidated Defendants*