Rachel G. Inabnit
LAW OFFICE OF RACHEL INABNIT
P.O. Box 8846
Missoula, MT 59807
(406) 300-5316
rachel@inabnitlawoffice.com

Edward B. Zukoski (Admitted *Pro Hac Vice*)
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop Street, Suite 421
Denver, CO 80202
(303) 641-3149
tzukoski@biologicaldiversity.org

Andrea Zaccardi (Admitted *Pro Hac Vice*)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 469
Victor, ID 83455
(303) 854-7748
azaccardi@biologicaldiversity.org

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, *et al.*;<br><br>Federal Defendants,<br><br>and<br><br>KOOTENAI TRIBE OF IDAHO, | Case No. 9:22-cv-00114-DWM<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS CENTER FOR BIOLOGICAL DIVERSITY ET AL.'S MOTION FOR ATTORNEYS' FEES & COSTS** |

Defendant-Intervenor.

## INTRODUCTION

Plaintiffs Center for Biological Diversity, Yaak Valley Forest Council and WildEarth Guardians seek to recover fees and costs pursuant to the Equal Access to Justice Act's ("EAJA") attorneys fees and costs provision. 28 U.S.C. § 2412. Plaintiffs apply for an award of $237,616.50 in fees and $2,857.92 in costs, for a total award of $240,474.42.

EAJA provides that in a civil action against the United States a court shall award costs, fees, and expenses to eligible prevailing parties "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Applicants qualify for attorneys' fees under EAJA when: (1) the motion is timely; (2) Applicants are the prevailing parties; (3) Applicants are eligible under EAJA for recovering fees and costs; and (4) no exception to EAJA applies. *See Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019). Applicants' fee request is reasonable because their rates are fair and they only seek to recover for the hours necessarily expended on the litigation. The expenses sought are those reasonably incurred in the litigation.

Plaintiffs file this as a protective motion because the EAJA deadline for doing so is June 24. On June 18, attorneys for Plaintiffs and Federal Defendants reached agreement on the amount of attorneys' fees and costs to satisfy Plaintiffs' claims. Federal Defendants require additional time to obtain the necessary approvals on the recommended settlement from supervisory officials at the Department of Agriculture and Department of Justice, and the Parties require additional time to finalize settlement documents. The Parties anticipate filing a joint motion to stay Federal Defendants' response to this Motion to provide Federal Defendants time to complete their settlement review process, and for the Parties to present the settlement to the Court.

**I. Plaintiffs' Motion is Timely.**

EAJA requires that a motion for attorneys' fees and costs be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is one that is "not appealable." *Id.* § 2412(d(2)(G). Under Supreme Court Rule 13(3), a party has 90 days to file a petition for certiorari after the date of judgment. Therefore, EAJA's clock begins to run 120 days from the Ninth Circuit's entry of judgment. *See Zheng v. Ashcroft*, 383 F.3d 919, 920-21 (9th Cir. 2004). The Ninth Circuit's judgment in this case was issued February 24, 2025, making the deadline to file a petition June 24. *Center for Biological Diversity et al. v. U.S. Forest Serv. et al.*, No. 23-2992, Doc. 74.1 (9th Cir. Feb. 24, 2025). *See*

*also* ECF No. 97 (Court order stating "Plaintiffs shall have until 30 days after there is a final, non-appealable judgment in this matter as defined by the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(G), to move for attorney fees and costs.").

Thus, Plaintiffs' Motion is timely.

### II. Plaintiffs Are a Prevailing Party and Defendants' Position Was Not Substantially Justified.

EAJA provides that "a court shall award . . . fees and other expenses" to a "prevailing party" in proceedings for judicial review of agency action. 28 U.S. § 2412(d)(1)(A). A party is a "prevailing party" when "(1) it wins on the merits of its claim, (2) the relief received materially alters the legal relationship between the parties by modifying the defendant's behavior, and (3) that relief directly benefits the plaintiff." *UFO Chuting of Hawaii Inc. v. Smith*, 508 F.3d 1189, 1197 (9th Cir. 2007) (quoting *Martinez v. Wilson*, 32 F.3d 1415, 1422 (9th Cir. 1994)). The Ninth Circuit has found that a party may recover fees if it prevails on at least some of their claims that result in a "material alteration of the substantial rights of the parties" or a "direct and substantial benefit." *UFO Chuting*, 508 F.3d at 1197 (citations omitted). In securing vacatur of the Defendants' EA/FONSI, Plaintiffs ensured Defendants could not move forward with the Project and thus Plaintiffs prevailed in this case. *See* ECF No. 93 (Aug. 17, 2023). *Cf. Cottonwood Envt'l Law Ctr. v. Haaland*, No. 18-cv-12-BU-SEH, 2022 U.S. Dist. LEXIS 215169, at *5-*6 (D. Mont. Nov. 17, 2022) (finding plaintiff was not a prevailing party where

the order granted defendant's request for voluntary remand without vacatur).

Further, plaintiffs merit fees for time spent on the case as a whole where they achieve "excellent results," even where they did not prevail on all claims.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Once a party has prevailed against the federal government, an award of fees is just unless the agency can "prove that its position was substantially justified." *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996). To meet this burden, the agency must prove that its position had a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) (citation omitted). This fits with the general proposition that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429. The Ninth Circuit has declared that it would be a "decidedly unusual case" in which an

agency's decision is arbitrary and capricious, lacks in evidence, and is also "substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

Here, the district court held, *inter alia*, that the Forest Service failed to take a "hard look" at climate impacts, ECF No. 93 at 23-32, and failed to prepare an environmental impact statement despite potential significant impacts to unique characteristics of geographic areas, including Wild and Scenic River designation areas, the Pacific Northwest Trail, and the Pete Creek Botanical Area, ECF No. 93 at 34-39. As a result of Plaintiffs prevailing on these issues, and as a result of the success of the Consolidated Plaintiffs in their case, the district court vacated the Forest Service's decision approving the Black Ram Project. This constitutes an "excellent result[]." *See Hensley*, 461 U.S. at 435. Federal Defendants did not contest Plaintiffs' success on these NEPA claims on appeal, a tacit admission that Defendants' position was not justified.

**III. Plaintiffs are Eligible to Receive Fees Under EAJA.**

Each of the Plaintiffs – Center for Biological Diversity, Yaak Valley Forest Council, and WildEarth Guardians – is eligible for an award of fees under EAJA. When the complaint was filed, each of the groups had fewer than 500 full-time employees and was exempt from taxation under section 501(c)(3) of the Internal Revenue Code. *See* 28 U.S.C. § 2412(d)(2)(B).

## IV. Plaintiffs' Fee Request is Reasonable.

Under the well-accepted lodestar method, *Blum v. Stenson*, 465 U.S. 886 (1984), Plaintiffs have calculated fees and costs in this litigation. All attorney hours claimed were spent on bona fide and compensable litigation tasks. Hours spent on tasks that are not compensable are not included in this billing. The hours listed in the attached billing records at Exhibit 1 for counsel were necessary to achieve the result acquired in this case. The hours requested and the hourly rates are explained in detail in the declarations of Mr. Zukoski, Ms. Zaccardi and Ms. Inabnit.

### A. The Rates Requested for Plaintiffs' Attorneys and Paralegal Are Reasonable.

For attorney fees, EAJA establishes a maximum fee recovery rate of $125 per hour that is adjusted upward for inflation to account for cost of living increases. 28 U.S.C. § 2412(d)(2)(A); s*ee Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (prescribing method for calculating cost of living increases). The inflation-adjusted rates for the period of this litigation are $234.95 for 2022 and $244.62 for 2023. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 24, 2025).

Enhanced or market hourly rates may be awarded where an attorney possesses "distinctive knowledge" and "specialized skill" that was "needful to the

litigation in question" and "not available elsewhere at the statutory rate." *See Nadarajah v. Holder*, 569 F.3d 906, 913 (9th Cir. 2009). The Ninth Circuit has recognized that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (citing *Animal Lovers Volunteer Assoc. v. Carlucci*, 867 F.2d 1224, 1226 (9th Cir. 1989)). The District of Montana agrees. *Yaak Valley Forest Council v. Perdue*, No. 19-cv-143-M-DWM, 2022 U.S. Dist. LEXIS 119968, at *6-*8 (D. Mont. July 6, 2022).

Plaintiffs are seeking enhanced fees for Mr. Zukoski and Ms. Zaccardi based on counsels' expertise in the specialty of environmental law. Attorney Edward B. (Ted) Zukoski graduated from Yale Law School in 1992 and is a senior attorney at with the Center for Biological Diversity. He is a member of the State Bars of Maryland and Colorado, and is admitted to practice before the U.S. District Court for the District of Colorado, the D.C. Circuit, the Ninth and Tenth Circuits, and the U.S. Supreme Court. He has litigated cases on environmental and public lands issues for nearly 33 years with the following non-profit organizations: as an associate attorney at the Sierra Club Legal Defense Fund (now Earthjustice) in Washington, D.C., from 1992 to 1995; as a public lands attorney at the Land and Water Fund of the Rockies (now Western Resource Advocates) in Boulder, Colorado from 1995 to 2002; as a project attorney and senior attorney at

Earthjustice in Denver from 2002 to 2018; and as a senior attorney at the Center for Biological Diversity in Denver from 2019 to the present. He has litigated cases before administrative bodies including the Interior Board of Land Appeals, before U.S. district courts in Arizona, California, Colorado, the District of Columbia, New Mexico, Utah, and Wyoming, before appellate courts in the D.C. Circuit, the Ninth Circuit, and the Tenth Circuit, and before the U.S. Supreme Court. *See* Decl. of Edward B. Zukoski.

Andrea Zaccardi is a 2005 graduate of Vermont Law School and is the Carnivore Conservation Legal Director and a senior attorney with the Center for Biological Diversity. She has been practicing law for nearly 20 years, including approximately 18 years practicing federal environmental law. Before joining the Center in 2014, she practiced environmental law with various organizations, including Earthjustice, Greater Yellowstone Coalition, Cottonwood Environmental Law Center, and Western Watersheds Project. She is admitted to practice in federal courts in Massachusetts, Colorado, Idaho, and Wyoming, as well as the Ninth and Tenth Circuit Courts of Appeal. *See* Decl. of Andrea Zaccardi.

Mr. Zukoski seeks $390 per hour for hours worked in 2021, $420 per hour for hours worked in 2022, and $460 for hours spent in 2023. Ms. Zaccardi seeks $360 per hour for hours worked in 2021, $385 per hour for hours worked in 2022, and $400 per hour for hours worked in 2023. These rates are reasonable and are

comparable, with reasonable annual increases for additional experience and inflation, for the hourly rate awarded by the District of Montana by similarly experienced environmental litigators in 2019. *See Alliance for the Wild Rockies v. Savage*, No. 15-cv-54-M-DLC, 2019 U.S. Dist. LEXIS 121711, at *19-*21 (July 22, 2019) (awarding $350/hour rate for work performed in 2019 by attorneys Rebecca Smith and Tim Bechtold, environmental specialists, who graduated from law school in 2000 and 2008 respectively).[1]

For local counsel Rachel Inabnit of Missoula, a 2017 law graduate of the University of Montana, Plaintiffs do not seek an enhanced rate. *See* Decl. of Rachel G. Inabnit. Her market rate for 2023 was $225/hour, which is below the maximum EAJA rate set by the Ninth Circuit of $244.62/hour for 2023.

The Center's attorneys in this case were assisted by paralegal Lila Woloshin. Ms. Woloshin has been a paralegal with the Center for five years and has worked in the legal field for approximately ten years, since graduating from college in 2015. She currently holds a LexisNexis Paralegal Certification of Mastery and is a Notary Public in the State of Oregon. *See* Decl. of Andrea Zaccardi, ¶8. The rate sought for her time – $75 – is reasonable. *See Wells v. Kijakazi*, No. 20-cv-114-GF-

[1] The District of Montana awarded an hourly rate of $270 per hour for work undertaken in 2021 to an attorney with only 6 years of experience in environmental litigation. *Yaak Valley Forest Council v. Perdue*, No. 19-cv-143-M-DWM, 2022 U.S. Dist. LEXIS 119968, at *6-*8 (D. Mont. July 6, 2022).

JTJ, 2022 U.S. Dist. LEXIS 58553, at *1 (D. Mont. Mar. 30, 2022) (awarding $75 per hour for paralegal time in EAJA case); *Trimp v. Kijakazi*, No. 21-cv-69-H-JTJ, 2023 U.S. Dist. LEXIS 23539, at *1 (D. Mont. Feb. 8, 2023) (same).

**B. Plaintiffs' Attorneys' Hours Are Reasonable.**

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Plaintiffs seek fees for the time summarized in the declarations of counsel. *See* Decl. of Edward B. Zukoski, ¶7; Decl. of Andrea Zaccardi, ¶¶7,8; Decl. of Rachel G. Inabnit, ¶4; Exhibit 1. Plaintiffs' counsel have made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

**C. Plaintiffs' Expenses Are Reasonable.**

Plaintiffs are also entitled to recover their costs and other expenses under EAJA. 28 U.S.C. § 2412. Recoverable expenses include those "ordinarily billed to a client," such as telephone calls, postage, and attorney travel expenses. *Int'l Woodworkers, Loc. 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985). *See also Cascadia Wildlands v. BLM*, 987 F. Supp. 2d 1085, 1098 (D. Or. 2013) (awarding "travel/meals" as an expense per EAJA). Filing fees and copying costs are also

recoverable. *See Kathrens v. Bernhardt*, 505 F. Supp. 3d 1085, 1095 (D. Or. 2020) (awarding costs for "photocopying/printing"); *Cascadia Wildlands,* 987 F. Supp. 2d at 1098 (awarding costs for "photocopies … and in-house printing"); *NRDC v. Locke*, 771 F. Supp. 2d 1203, 1218 (N.D. Cal. 2011) (citing circuit court decisions holding photocopy expenses compensable under EAJA); *League of Wilderness Defenders—Blue Mountains Biodiversity Proj. v. Smith*, 491 F. Supp. 2d 980, 989 (D. Or. 2007) ("EAJA authorizes reimbursement for litigation expenses and costs, such as filing fees, traveling expenses and postage").

Plaintiffs are seeking a total of $2,857.92 in costs, as described here:

| | |
|---|---|
| Filing Fee | $402.00 |
| Zaccardi Pro Hac Vice Fee | $262.00 |
| Zukoski Pro Hac Vice Fee | $262.00 |
| Certified Mail (for summons/complaint) | $46.00 |
| Travel to Missoula for Argument - Zukoski | $567.80 (air fare)<br>$571 (hotel – two nights) |
| Travel to Missoula for Argument - Zaccardi | $445.40 (mileage)<br>$301.72 – (hotel - 1 night) |
| Total | $2,857.92 |

## CONCLUSION

For the reasons set forth, Plaintiffs request this Court grant Plaintiffs' Motion Attorneys' Fees and Costs in the amount of $237,616.50 for attorneys' fees and $2,857.92 in costs for a total of $240,474.42.

Respectfully submitted June 24, 2025.

/s/ Andrea Zaccardi (Admitted *Pro Hac Vice*)
Center for Biological Diversity
P.O. Box 469
Victor, ID 83455
(303) 854-7748
azaccardi@biologicaldiversity.org

*/s/ Edward B. Zukoski*
Edward B. Zukoski (Admitted *Pro Hac Vice*)
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
(303) 641-3149
tzukoski@biologicaldiversity.org

/s/ Rachel Inabnit
Rachel G. Inabnit
LAW OFFICE OF RACHEL INABNIT,
P.O. Box 8846
Missoula, MT 59807
(406) 300-5316
rachel@inabnitlawoffice.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS**

I certify that this document contains 2,600 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

*/s/ Edward B. Zukoski*
Edward B. Zukoski (Admitted *Pro Hac Vice*)
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
(303) 641-3149
tzukoski@biologicaldiversity.org

*Attorney for Plaintiffs*